## Whitehall Township v. Gomes

*Howard N. Stark*, for appellant.
*F. Paul Laubner* and *Harry Kitey*, contra.

WIEAND, *J.*, December 20, 1974 — Richard Gomes was convicted in a summary proceeding of violating the zoning ordinance of Whitehall Township. He appealed his conviction to this court, where the matter has now been heard de novo.

Gomes maintains and operates what is politely referred to as an "adult book store" at 1226 MacArthur Road, Whitehall Township. His store is located in an area which has been zoned C-2 Community Commercial. A sign on the front of his establishment announces that it is an "adult book store," and the word "Films" also appears thereon. Upon entering the store, according to testimony of the township building inspector, one finds himself in a room where books, magazines, devices and films are offered for sale to the public. Except for the salacious nature of the merchandise being sold, the retail display area is used no differently than that of any other retail outlet. In a back room, completely hidden from the view of customers, is a series of what has been estimated to be 10 or 15 booths. Each booth contains a machine which, upon deposit of a specified coin, privately displays a brief pornographic film.

The zoning ordinance of Whitehall Township contains no reference to an adult book store. A retail store, however, is expressly permitted in a C-2

Community Commercial zone. The ordinance also permits a commercial amusement facility in such a zone but only upon the granting of a special exception by the zoning hearing board.

The township concedes that an adult book store is a retail outlet and, as such, is not prohibited in a C-2 Community Commercial zone. It contends, however, that the coin-operated machines in the back room constitute a commercial amusement facility for which the issuance of a special exception is required. Because Gomes did not apply for or receive a special exception from the zoning hearing board, it is contended he has violated the township zoning ordinance.

Whether defendant is in compliance with the ordinance depends upon whether his back room activities constitute a use which is "accessory" to a retail store. An "accessory use" is defined by the ordinance as a use which is "subordinate to the main use . . . and customarily incidental thereto." The evidence in the instant case establishes and the court finds that defendant is conducting a retail store on the premises and that the coin-operated machines at the rear of the store are subordinate thereto. Although it may be, as the township argues, that there is no evidence that the showing of pornographic films is "customarily incidental" to an adult book store, we believe this contention misconceives the real issue. It is not what is customarily incidental to an adult book store that is controlling, but what is customarily incidental to a retail store. The frequent presence of coin-operated machines of amusement in Whitehall Township's retail establishments is clear beyond peradventure of a doubt. Thus, the evidence establishes, and it is not denied by the township, that coin-operated

amusements are regularly maintained at the Whitehall Mall. No special exception has been issued for these amusements. The township allows them to remain because they are accessory to a retail outlet.

We conclude, therefore, that defendant in this case is using the premises at 1226 MacArthur Road as a retail store and that the coin-operated motion picture machines located therein are an accessory use and do not constitute a separate commercial amusement facility. A special exception, therefore, is unnecessary.

In holding that defendant has not violated the zoning ordinance of Whitehall Township, we do not intend to condone the nefarious business of peddling smut. Neither do we suggest that it cannot be enjoined by appropriate proceedings under the Crimes Code of December 6, 1972, P.L. 1068 (no. 334), sec. 1, 18 PS §§101, et seq. We do hold that an adult book store located in a C-2 Community Commercial zone and operated in the manner demonstrated by the evidence in this case is not prohibited by the Whitehall Township zoning ordinance.

At the hearing in this matter, defendant also asserted procedural objections to the manner in which the township sought to enforce its ordinance. A summary proceeding for violation of a zoning ordinance, he contends, must be brought under and conform to the procedure established by section 616 of the General Municipal Law of July 31, 1968, P.L. 805, 53 PS §10616.[1] Such a proceeding, he argues,

---

1. Pennsylvania Rule of Criminal Procedure 51(D) provides that "[w]hen the same conduct is proscribed under an Act of Assembly and a local ordinance, the charge shall be brought under the Act of Assembly and not under the local ordinance."

should have been brought in the name of the Commonwealth of Pennsylvania and not in the name of the Township. We have considered the merits of the controversy without deciding this procedural objection in order to eliminate the necessity for additional litigation. To permit the result to depend solely on the caption atop the complaint does not impress us as being sound basis upon which to rest our determination of this appeal. See Salvador v. Atlantic Steel Boiler Co., 457 Pa. 24, at page 31.

## ORDER

Now, December 20, 1974, the appeal of Richard J. Gomes is sustained, the penalty imposed by the magistrate is set aside, and it is adjudicated that said appellant has not violated the Whitehall Township zoning ordinance.